FILED
SUPERIOR COURT
OF GUAM

2020 FEB -7 PM 4: 28

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0133-18 |
| vs. | |
| **ATRIKO A. HEWININ,** *aka Rico Arwin* DOB: 03/25/1982 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on November 12, 2019, upon the Defendant's Motion to Dismiss the Charges Four and Five with Prejudice filed on October 25, 2018. Defendant Atriko A. Hewinin ("Defendant" or "Hewinin") is represented by Attorney William Pole. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and arguments in this matter, the Court now issues the following Decision and Order.

## BACKGROUND

On August 3, 2017, Hewinin – under the name "Rico Arwin" – was indicted in Criminal Case No. CF0401-17 on charges of Third Degree Criminal Sexual Conduct and Terrorizing against his minor relative, L.L.K. (DOB: 04/22/2001). Each of these charges stem from incidents alleged to have occurred on or about July 1, 2017. Guam's Public Defender Service Corporation ("PDSC") represented Hewinin in CF0401-17.

On March 12, 2018, a grand jury returned an Indictment in the instant case, CF0133-18, charging Hewinin with two counts of First Degree Criminal Sexual Conduct, two counts of

Second Degree Criminal Sexual Conduct, Child Abuse, and Resisting Arrest. Each of these charges stem from incidents alleged to have occurred on or about March 2, 2018. On March 28, 2018, Defense Attorney William Pole ("Attorney Pole") entered his first appearance as Hewinin's appointed counsel in CF0133-18.

On October 4, 2018, the People filed a Superseding Indictment in CF0133-18. In addition to the charges alleged in the initial Indictment, the Superseding Indictment included Third Degree Criminal Sexual Conduct (Charge Four) and Terrorizing (Charge Five), both alleged to have been committed against L.L.K. on July 1, 2017, the same date as the charges in CF0401-17.

On October 8, 2018, the People filed a Motion to Dismiss CF0401-17 without prejudice. The Motion states that "[t]he facts and charges of this criminal matter have been incorporated, via Indictment, in CF0133-18 under Defendant's alias of Atriko Hewinin." CF0401-17, Mot. to Dismiss (Oct. 8, 2018). Along with the Motion to Dismiss, the People filed a Notice of Motion which provides a briefing schedule and certifies that the prosecuting attorney had, or within one business day would, serve the Motion upon all parties who had appeared in the matter. CF0401-17, Notice of Mot. (Oct. 8, 2018). The Motion was received by PDSC on October 8, 2018. See People's Opp'n, Ex. A (Nov. 9, 2018). Hewinin did not file an opposition, and the Court dismissed the matter without prejudice on November 5, 2018.

On October 25, 2018, Hewinin filed the Motion to Dismiss Charges Four and Five with Prejudice which is presently before the Court. On November 1, 2018, Hewinin filed a Second Motion to Sever Charges. On November 5, 2018, Hewinin filed a Motion to Dismiss Indictment for Failure to Provide Exculpatory Evidence and for Implicit Vouching.

On February 21, 2019, the Court issued a Decision and Order granting Hewinin's Motion to Sever Charges and ordered the separation of the charges by victim. The Court held that the Motion to Dismiss Charges Four and Five, along with three other motions, would be held in abeyance pending the Court's resolution of the Motion to Dismiss Indictment for Failure to Provide Exculpatory Evidence and for Implicit Vouching, which was denied on July 3, 2019.

## DISCUSSION

Hewinin seeks dismissal of Charges Four and Five of the Superseding Indictment, *to wit* Third Degree Criminal Sexual Conduct (As a Second Degree Felony) and Terrorizing (As a Third Degree Felony). The victim in both of these charges is L.L.K. (DOB 4/22/2001) and both charges stem from incidents alleged to have occurred on July 1, 2017. These charges were initially charged in CF0401-17, before being dismissed without prejudice in that case and then incorporated into this case via the Superseding Indictment.

### I. This is not the proper forum for reconsideration of the dismissal of CF0401-17.

#### a. Service of moving papers in CF0401-17

Hewinin first argues that "the Government has not provided, as required pursuant to 8 GCA 70.10 *et. al.*, the moving papers for [dismissal of CF0401-17] to defense counsel, but it's hard to believe they served [PDSC] with notice that the case would be dismissed so that it could be refiled in CF0133-18." Mot. to Dismiss at 2 (Oct. 25, 2018). Hewinin argues that the People "waited over a year to change Judges, to change Attorneys . . . all to gain a tactical advantage." Id. While not explicitly stated, it appears that Hewinin seeks dismissal of Charges Four and Five as a remedy to what he sees as procedural violations in CF0401-17, essentially arguing that the charges should have been dismissed with prejudice.[1]

As a preliminary matter, the Court notes that Hewinin's argument is factually incorrect. The People's Motion to Dismiss in CF0401-17 explicitly stated that the case was being dismissed so that the charges could be incorporated into CF0133-18. CF0401-17, Mot. to Dismiss (Oct. 8, 2018). The motion was served upon PDSC, who received notice but failed to respond. People's Opp'n, Ex. A (Nov. 9, 2018). Hewinin's argument is based upon a factual inaccuracy and therefore fails.

Additionally, this is not the proper forum for Hewinin's argument. CF0401-17 was dismissed without prejudice, allowing the charges to be incorporated in this case. Any argument that CF0401-17 should have been dismissed *with* prejudice must be made in that case. It is not

---

[1] The People also interpret Hewinin's argument to mean that he seeks dismissal of the current charges due to procedural deficiencies in the dismissal of CF0401-17. Opp'n at 6-7.

the role of this Court to serve as an appellate court for decisions made by another judge of the Superior Court of Guam, and the Court will therefore not entertain Hewinin's arguments regarding the manner of dismissal of CF0401-17.

b. Whether the People failed to comply with Gutierrez

Hewinin next argues that the People violated the Guam Supreme Court's holding in People v. Gutierrez, 2005 Guam 19, by waiting over a year to dismiss the Indictment in CF0401-17 and allegedly failing to provide a "good faith reason for dismissal." Mot. to Dismiss at 4. Again, the decision to dismiss CF0401-17 without prejudice was made in a separate case before a different judge. Hewinin's arguments regarding the dismissal of CF0401-17 should have been made in that case. It is not the role of this Court to reconsider the decisions of another Superior Court Judge.

c. Pretrial confinement for a case that is ultimately dismissed

Thirdly, Hewinin argues that "pretrial confinement for a case that was dismissed should be seen as a violation of the Fourth Amendment." Mot. to Dismiss at 3. Hewinin does not elaborate on this argument or provide any case law to support it. It appears that Hewinin is seeking dismissal with prejudice of CF0401-17 as a sanction for his pretrial confinement in that case. As this argument relates to the conduct of the People and the Court in CF0401-17, it should have been made in that case.

## II. There has not been an unjustifiable delay in prosecution.

Hewinin next argues that the People violated his constitutional right to a speedy trial. The United States Supreme Court has provided factors for courts to weigh in determining whether a defendant has been deprived of his right to a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) the prejudice to the defendant as a result of the delay. Barker v. Wingo, 407 U.S. 514, 530 (1972); see also Doggett v. United States, 505 U.S. 647, 651 (1992) (articulating these factors as four separate inquiries: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the

delay's result."). The Supreme Court explained that "these factors have no talismanic qualities"; rather, "they are related factors and must be considered together with such other circumstances as may be relevant." Barker, 407 U.S. at 533. "None of these factors is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." United States v. Henson, 945 F.2d 430, 437 (1st Cir. 1991) (internal citations and quotations omitted).

a. Length of Delay

The first factor of the balancing test—length of the delay—actually serves as a "double enquiry." United States v. Villarreal, 613 F.3d 1344, 1350 (11th Cir. 2010) (quoting Doggett, 505 U.S. 647, 651). The Supreme Court has stated that in order to trigger a constitutional speedy trial analysis under the Sixth Amendment, a defendant "must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Id. "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay, since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." Doggett, 505 U.S. 647, 651–52. "Depending on the nature of the charges, the lower courts have generally found post accusation delay 'presumptively prejudicial' at least as it approaches one year." Id. "If, and only if, the defendant satisfies this threshold inquiry will we proceed to address the remaining three factors of the Barker balancing test." Villarreal, 613 F.3d at 1350.

The Court acknowledges that almost two and a half years have passed since Charges Four and Five were initially charged in CF0401-17[2], and roughly fifteen months have passed since Hewinin first asserted his right to speedy trial on October 17, 2018. Based on this delay, Hewinin has met this threshold inquiry to trigger a constitutional speedy-trial right analysis. See

---

[2] These charges were Charges One and Two in CF0401-17. Indictment (Aug. 3, 2017).

Doggett, 505 U.S. at 651–52. Because this threshold inquiry is met, the Court must address the remaining three factors of the Barker test.

The Court notes, however, that while the delay in bringing Hewinin to trial is "presumptively prejudicial," it is not excessive, and courts have found no Sixth Amendment violation in cases with much longer delays. United States v. Munoz-Franco, 487 F.3d 25, 61 (1st Cir. 2007) ("The five years that elapsed between indictment and trial is a troublesome length of time. Nonetheless, our inquiry has revealed no constitutional violation."); United States v. Nieves, 648 F. App'x 152, 155 (2d Cir. 2016) ("Even assuming the nearly eight-year sentencing delay in this case attributable to government negligence gives rise to the same rebuttable presumption of prejudice applicable to pre-trial delay, Nieves fails to demonstrate a valid claim under the Barker test.") (internal citations and quotations omitted); United States v. Colombo, 852 F.2d 19, 24–26 (1st Cir.1988) (finding no Sixth Amendment violation despite a two year delay due to "inexcusable negligence" on the part of the government, absent "demonstrable prejudice," and given "appellant's own lack of enthusiasm for the [speedy trial] right which [he] now assert[s]."); United States v. Infanti, 474 F.2d 522, 527 (2d Cir. 1973) ("Here the length of time from arrest to indictment was 21 months and from arrest to trial 28 months, neither extraordinary.").

b. Reason for Delay

The second factor of the Barker balancing test is the reason for delay. Delay caused by the defense weighs against the defendant: "[I]f delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine." Barker, 407 U.S. 514 at 529; *Cf.* United States v. Loud Hawk, 474 U.S. 302, 316 (1986) (noting that a defendant whose trial was delayed by his interlocutory appeal "normally should not be able . . . to reap the reward of dismissal for failure to receive a speedy trial."). That rule accords with the reality that defendants may have incentives to employ delay as a "defense tactic": delay may "work to the accused's advantage" because "witnesses may become unavailable or their memories may fade." Barker, 407 U.S. at 521. "[W]hether there is good cause for delay depends on the facts and the circumstances of each case, and there is no bright-line rule for how much time a court

may reasonably take to consider a motion." <u>Quinata v. Superior Court of Guam</u>, 2010 Guam 8, ¶ 36.

The facts of this case demonstrate that the delay in commencing trial is due to Hewinin's conduct. Hewinin has filed six motions since he first asserted his right to speedy trial on October 17, 2018, as well as filing a motion just days before the assertion.[3] Each of these motions was fully briefed and taken under advisement. The Court determined that it was necessary for some of these motions to be held in abeyance while others were decided. Dec. and Order at 6 (Feb. 21, 2019). The Court reserves opinion as to Hewinin's intentions in filing a multitude of motions in this case, but notes that the time needed to resolve these motions has led to the trial's delay.

### c. Assertion of right to speedy trial

The third factor—the extent to which the defendant has asserted his speedy trial right—"is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." <u>Barker</u>, 407 U.S. at 531–32. A defendant's belated assertion of speedy trial rights "cast[s] doubt on the sincerity of the demand" and weighs in favor of the government. <u>United States v. Flowers</u>, 476 Fed.Appx. 55, 63 (6th Cir. 2012).

Charges Four and Five were initially charged via Indictment in CF0401-17 on August 3, 2017. Hewinin never asserted his right to speedy trial in CF0401-17. On October 17, 2018, Hewinin asserted his right to a speedy trial in CF0133-18. Because Hewinin never asserted his right to speedy trial in CF0401-17, his assertion relating to Charges Four and Five was not triggered until October 17, 2018, when he asserted in CF0133-18. The Court notes that Hewinin did not immediately assert his right to speedy trial upon being indicted. However, because Hewinin ultimately asserted his right to speedy trial over a year ago, this factor weighs slightly in favor of a violation of Hewinin's right to speedy trial.

---

[3] The motions are as follows: (1) First Motion to Sever Charges (Oct. 24, 2018); (2) Motion to Dismiss Charges Four and Five with Prejudice (Oct. 25, 2018); (3) Motion to Dismiss the Special Allegations of Felony on Felony Release (Oct. 29, 2018); (4) Second Motion to Sever Charges (Nov. 1, 2018); (5) Motion to Suppress all Physical Evidence and Request for Franks Hearing (Nov. 5, 2018); (6) Motion to Dismiss the Indictment (Nov. 5, 2018). Additionally, there was one pending motion (filed by Hewinin) which had not yet been fully briefed at the time he asserted his right to speedy trial. Mot. for Evidence Required for Possible *Franks* Hearing (Oct. 16, 2018).

d. Prejudice to defendant

Turning to the fourth Barker factor, Hewinin has failed to demonstrate that he has suffered prejudice by delay. Prejudice is evaluated "in the light of the interests of defendants which the speedy trial right was designed to protect . . . (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired . . . the most serious is the last." Barker, 407 U.S. at 532.

Hewinin has failed to provide any argument regarding how he has suffered prejudice due to delay in the commencement of trial. Hewinin cites to Doggett, 505 U.S. at 651, in which the Supreme Court held the following: "[W]e generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." However, the Supreme Court went on to state that "[w]hile such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay." Id. (internal citation omitted). This presumption of prejudice is very weak in this case, as it is being offered as the sole source of prejudice and the charges have been pending for less than a year and a half since Hewinin's assertion.

Based on the record and applying the Barker test, the Court holds that Hewinin's Sixth Amendment right to a speedy trial has not been violated. The delay, which has not been excessive, is caused by Hewinin's filing of pretrial motions. He did not assert his right to speedy trial until he began filing his multiple motions, and he has not shown any impairment to his defense. Taken together, these factors weigh against the finding of a violation of the Sixth Amendment right to speedy trial.

## III. Presumption of vindictiveness

Next, Hewinin argues that Charges Four and Five should be dismissed because the People's conduct in filing the Superseding Indictment suggests vindictiveness. Mot. to Dismiss at 3-4. Evidence indicating a realistic or reasonable likelihood of vindictiveness may give rise to a presumption of vindictiveness on the government's part. *United States v. Goodwin*, 457 U.S.

368, 373 (1982). The Ninth Circuit has held that "to establish a claim of vindictive prosecution the defendant must make an initial showing that charges of increased severity were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." *United States v. Gallegos–Curiel,* 681 F.2d 1164, 1168 (9th Cir. 1982).

Hewinin has failed to show that charges of "increased severity" have been filed as retaliation for him exercising his rights. The Fourth and Fifth Charges of CF0133-18 are the exact same charges which were filed then dismissed in CF0401-17: to wit Third Degree Sexual Conduct and Terrorizing. Because the charges at issue are the exact same as the previous charges, and therefore not more severe, Hewinin's argument that the People have acted with vindictiveness fails. Additionally, Hewinin has failed to provide an example of a statutory, procedural, or constitutional right which he previously exercised which led to the People's supposedly vindictive behavior.

**IV.     The Superseding Indictment is valid under *Campos*.**

While not directly addressed by Hewinin, the Court notes that the People's conduct in dismissing CF0401-17 and incorporating the charges into CF0133-18 was proper under Guam law. The Guam Code does not provide any specific procedure for the issuance of superseding indictments. People v. Rios, 2011 Guam 6 ¶ 23 n.9. The Guam Supreme Court has held that "[a]bsent prejudice to the defendant, a superseding indictment may be filed at any time before trial." People v. Campos, 2015 Guam 11 ¶ 19 (internal quotations and citations omitted). The Supreme Court has adopted two tests to determine whether a defendant suffered prejudice due to the People's filing of a superseding indictment. Id. ¶ 21. The first test requires a determination of whether a defense under an initial indictment would be equally available after the superseding indictment is filed, and whether any relevant evidence would be equally applicable to the superseding indictment as in the initial indictment. Id. If no defense or exculpatory evidence has been adversely affected by the filing of the superseding indictment, no prejudice has occurred. Id.

The second test requires a determination of whether the charges in the initial indictment involve the same basic elements and evolved out of the same factual situation as the crimes specified in the superseding indictment. Id. ¶ 22. "If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted." Id. (internal quotations and citations omitted).

In Campos, the Supreme Court held that the defendant did not suffer prejudice when he was previously aware of the charges which were added in the superseding indictment. "In the present case, it cannot be questioned that Campos was put on notice regarding all of the charges contained in the superseding indictment, as it merely consolidated two previous indictments, originally filed on the same day. Thus, Campos cannot demonstrate prejudice under either test." Id. ¶ 22.

The procedural history of the present case is similar to that of Campos. The evidence used to substantiate Charges Four and Five of the Superseding Indictment in CF0133-18 came from the exact same police report, Guam Police Report Number 17-19601, which was used as the basis for the charges in CF0401-17. Charges Four and Five use the exact same wording as the dismissed charges from CF0401-17. Hewinin has not named a single defense which is not available to him after the consolidation of the charges. Similarly to the defendant in Campos, Hewinin was previously put on notice regarding all of these charges, as the Superseding Indictment is a consolidation of previous indictments. Hewinin therefore has not been prejudiced.

//

//

//

//

//

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss Charges Four and Five is hereby **DENIED**.

IT IS SO ORDERED _____ FEB 0 7 2020 _____.



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I ack owledge that a copy of the original hereto was placed in the court box of:

Abi Pole

Date: 2/7/20 Time: 4:20 @

Deputy Clerk, Superior Court of Guam